## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LOANDEPOT.COM, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No.** |
| | § | |
| **CORNELIUS LEWIS and SHIRLEY A.** | § | |
| **LEWIS,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, loanDepot.com, LLC ("*LoanDepot*" or "*Plaintiff*"), files this its Original Complaint complaining of Cornelius Lewis and Shirley A. Lewis (collectively "*Defendants*"), and respectfully shows the Court the following:

### I.    PARTIES AND METHOD OF SERVICE

1.    Plaintiff, loanDepot.com, LLC, is a privately held Delaware limited liability company that is authorized to conduct business in Texas. Its principal place of business is located in Foothill Ranch, California.  loanDepot.com, LLC is a subsidiary of LD Holdings Group, LLC. No publically traded corporation owns 10% or more of its stock. LoanDepot appears herein through its undersigned counsel.

2.    On information and belief, Defendant, Cornelius Lewis, is a Texas citizen residing at 4617 Silverton Drive, Schertz, Texas 78154.  He may be served at 4617 Silverton Drive, Schertz, Texas 78154 or wherever else he may be found.

3.      On information and belief, Defendant, Shirley A. Lewis, is a Texas citizen residing at 4617 Silverton Drive, Schertz, Texas 78154.  She may be served at 4617 Silverton Drive, Schertz, Texas 78154 or wherever else he may be found.

## II.      JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as the value of the real property that is the object of this lawsuit exceeds $75,000.[1]

5.      In addition, this Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because it involves claims arising under the Constitution, laws, or treaties of the United States.  "[F]ederal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."[2]  As set forth herein, this case involves a substantial federal issue under the statutory language in the Federal Truth in Lending Act, Reg. Z, 12 CFR § 1026, *et seq*.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as well as 28 U.S.C. § 124(d)(4) because this case concerns title to real property located in Guadalupe County, Texas, including certain actions related to the property that occurred in Guadalupe County, Texas.

## III.      FACTUAL BACKGROUND

7.      This suit concerns a lien on real property commonly known as 4617 Silverton Drive, Schertz, Texas 78154, and more completely described as follows:

> LOT THIRTY-FOUR (34), BLOCK THREE (3), FOREST
> RIDGE SUBDIVISION, UNIT 1, A SUBDIVISION TO THE

---

[1] Exhibit D (Guadalupe County Appraisal District Property Assessment).

[2] *Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

CITY OF SCHERTZ, IN GUADALUPE COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 5, PAGE 354A, OF THE PLAT RECORDS OF GUADALUPE COUNTY, TEXAS.

(the "*Property*")

8.  On or about September 18, 2019, Defendants executed a Texas Home Equity Security Instrument[3] and concurrent Note[4] in the amount of $160,000.00, listing LoanDepot as the lender and Mortgage Electronic Registration System, Inc. ("*MERS*") as the beneficiary of the security instrument (the "*LoanDepot Loan*").  Notably, while both Defendants signed the Texas Home Equity Security Instrument, only Cornelius Lewis executed the Note.

9.  At the time the LoanDepot Loan was executed, Quicken Loans Inc. ("*Quicken*") was the beneficiary of another Deed of Trust and Note on the Property, which had a remaining balance of $112,504.57 (the "*Quicken Loan*").  The Quicken Loan was also secured by the Property at issue in this case.

10.  Prior to Defendants closing on the LoanDepot Loan, they were provided with a Closing Disclosure ("*Disclosure*"), which they each signed on September 18, 2019.[5]  The Disclosure specifically noted that part of the LoanDepot Loan was to be used to pay off the Quicken Loan in the amount of $112,504.57.[6]  The Disclosure also specified other payoffs to be made, including $24,059.00 to Security Service-US; and, $8,908.00 to Enerbank USA.[7]  These other payments, however, have not been disbursed at this time.  Consequently, following execution of LoanDepot Loan documents, LoanDepot forwarded one payment in the amount of $112,504.57 to Quicken to pay off the Quicken Loan.

---

[3] Exhibit A (Texas Home Equity Security Instrument).

[4] Exhibit B (Texas Home Equity Note).

[5] Exhibit C (Closing Disclosure on the LoanDepot Loan).

[6] *Id*. at p. 3 of each Disclosure signed by the Defendants.

[7] *Id*.

11.     Notwithstanding the payoff of Defendants' Quicken Loan on the Property, Defendants now seek to rescind the LoanDepot Loan pursuant to the Federal Truth in Lending Act ("*TILA*") and Texas Constitution, art. XVI, § 50(a)(6).  LoanDepot received the rescission document from Defendants attached to a Consumer Financial Protection Bureau ("*CFPB*") Complaint on October 1, 2019.  TILA does afford a borrower the right to rescind any loan transaction in which a security interest will be retained in a consumer's principal dwelling up to three business days following consummation of the transaction.[8]  Here, Defendants assert that they have properly rescinded the LoanDepot Loan in accordance with the terms for rescission included herein.[9]

12.     As a result, TILA sets forth a deadline for a lender (such as Plaintiff herein) to release its lien on the property securing the loan at issue.  Specifically, "[w]ithin 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest."[10]  In addition, when the lender has complied by terminating its security interest, "**the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value**."[11]  Notably, however, TILA also states that these deadlines "may be modified by court order."[12]

---

[8] 12 CFR § 1026.23(a)(1) and (3).

[9] Importantly, while Plaintiff does not waive any and all defenses to Defendants' contention that they have properly rescinded the loan transaction, specifically relative to whether a valid rescission of the LoanDepot Loan was effectuated by Defendants, Plaintiff nonetheless seeks to protect its interest to the payoff made on the Quicken Loan, and if necessary to secure a judgment for equitable lien on the Property at issue.

[10] 12 CFR § 1026.23(d)(2).

[11] 12 CFR § 1026.23(d)(3).

[12] 12 CFR § 1026.23(d)(4).

13.    Courts have also recognized issues with the above-referenced TILA requirements in instances where the borrower is not able to return the proceeds following the release of lien. In order to protect the lender, a trial court has discretion to modify the procedural timing requirements under TILA (as permitted by 12 CFR § 1026.23(d)(4)), and courts have held that borrowers must return the loan proceeds when, as in this case, it is appropriate.[13]  Specifically, in the *Yamamoto* case, the Court held that **a trial judge has the discretion to condition rescission on tender by the borrower of the property (or funds) he had received from the lender**; and, that whether a decree of rescission should be conditional depends upon "the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the *Truth in Lending Act* and the remedial-penal nature of the private enforcement provisions of the Act."[14]  In keeping with this line of reasoning, the *Yamamoto* court recognized prior holdings stating that "rescission **should be** conditioned on repayment of the amounts advanced by the lender."[15]

14.    LoanDepot hereby pleads that the cases cited herein, which allow a trial court to enter an declaratory judgment that rescission of a lender's security instrument should be conditioned on repayment of the funds received by the borrower, is directly on-point and instructive in this matter.   Accordingly, LoanDepot pleads that it is entitled to:

(1)   a declaratory judgment that the TILA deadline, requiring LoanDepot to release its Texas Home Equity Security Instrument within 20 calendar days after

---

[13] *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003)(reasoning that "TILA's provision permitting a court to modify procedures was added in 1980 as part of the Truth in Lending Simplification and Reform Act…[t]hese changes followed in the wake of decisions by this court and others which held that the statute need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrower's tender of proceeds."). S*ee, e.g., Palmer v. Wilson*, 502 F.2d 860, 862-63 (9th Cir. 1974); *Ljepava v. M.L.S.C. Props., Inc.*, 511 F.2d 935 at 944 (9th Cir. 1975); *LaGrone v. Johnson*, 534 F.2d 1360, 1361-62 (9th Cir. 1976); *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 253-54 (6th Cir. 1980); *Powers v. Sims & Levin*, 542 F.2d 1216, 1220-22 (4th Cir. 1976).

[14] *See Yamamoto*, 329 F.3d at 1171.

[15] *Id*.; *citing LaGrone,* 534 F.2d at 1362.

receipt of a notice of rescission, is hereby stayed pending repayment of the loan proceeds to LoanDepot;

(2) a declaratory judgment that Defendants will refund to LoanDepot the amount of $112,504.57, which was paid by LoanDepot to Quicken at Defendants' request to pay off the Quicken Loan;

(3) a declaratory judgment that LoanDepot shall retain its Security Instrument on the Property in the amount of $112,504.57, which is the amount it disbursed to Quicken at Defendants' request, until such time that LoanDepot receives the $112,504.57; and,

(4) a declaratory judgment that, upon LoanDepot's receipt of the $112,504.57 it previously paid in satisfaction of the Quicken Loan, the Release of Lien (contemporaneously herewith being filed by LoanDepot into the Registry of the Court) shall be entered into the property records of Guadalupe County, Texas, thereby releasing any and all security interest associated with the LoanDepot Loan.[16]

In addition, and in the alternative, should the Court deny Plaintiff's request for declaratory judgment, Plaintiff hereby requests judgment for an equitable lien on the Property in the amount of $112,504.57 until such time that Defendants have remitted same to LoanDepot. Moreover, in the event that the Court denies Plaintiff's request for declaratory judgment, LoanDepot will request that the Release of Lien being filed into the registry of the court be either released directly to Defendants, or Plaintiff will agreed to file the release in the Guadalupe County property records.

## IV.  CAUSES OF ACTION

### A.    Declaratory Judgment

15.    Plaintiff re-alleges and incorporates the allegations set forth above as if fully stated herein.

---

[16] LoanDepot is filing concurrently herewith a Motion to Deposit Release of Lien in Registry of the Court, requesting that the Release of Lien be held by the Court, and should the Court deny LoanDepot's request to extend the TILA deadline, LoanDepot will request therein that the Release of Lien be filed in the Guadalupe County property records, and that LoanDepot receive an equitable lien for the amounts issued to Quicken.

16.     As set forth herein, under the Federal Truth in Lending Act, LoanDepot's deadline to release the lien pursuant to the LoanDepot Loan is 20 calendar days after receipt of a notice of rescission.  As set forth above, LoanDepot received the rescission document from Defendants attached to a CFPB Complaint on October 1, 2019.  Thus, LoanDepot requests declaratory judgment that it is entitled to a refund of the amounts it paid to Quicken at Defendants' request, and extending the TILA deadline until LoanDepot has been issued a refund in the amount of $112,504.57.  This amount represents the full funds LoanDepot sent to Quicken as part of its extension of credit to Defendants under the LoanDepot Loan.

17.     Alternatively, as set forth herein, LoanDepot seeks an equitable lien on the Property for the amounts it issued to Quicken.

## B.     Equitable Lien

18.     Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

19.     Should LoanDepot be denied its request for declaratory judgment, thereby rendering the TILA deadline valid prior to LoanDepot being refunded the amounts paid to Quicken, LoanDepot will have little choice under TILA but to file its Release of Lien, releasing the lien created by the LoanDepot Loan.  For this reason, LoanDepot is filing concurrently herewith a Motion to Deposit Release of Lien into the Registry of the Court, in order to comply with any and all requirements under TILA.

20.     In that event, while LoanDepot will have released its Security Instrument on the Property, LoanDepot is still entitled to a refund of the $112,504.57 it paid to Quicken pursuant to Defendants agreement in the Closing Disclosures.  As such, in the interest of justice and equity, LoanDepot should be granted an equitable lien on the Property in the amount of $112,504.57

until such time that Defendants have remitted same to LoanDepot.  Accordingly, LoanDepot

requests that the Court grant it an equitable lien on the Property to secure the amounts due.

### C.    Attorneys' Fees

21.    Plaintiff is entitled to recover its attorneys' fees incurred as a result of

Defendants' actions under the Declaratory Judgments Act and under the Texas Civil Practices

and Remedies Code.

## V.  PRAYER

**WHEREFORE**, Plaintiff prays that Defendants be cited to appear and answer herein,

and that upon final trial hereof, Plaintiff be awarded the following relief:

1. Declaratory Judgment that the TILA deadline, requiring LoanDepot to release its Texas Home Equity Security Instrument within 20 calendar days after receipt of a notice of rescission, is hereby stayed pending repayment of the loan proceeds to LoanDepot;

2. Declaratory Judgment that Defendants will refund to LoanDepot the amount of $112,504.57, which was paid by LoanDepot to Quicken at Defendants' request to pay off the Quicken Loan;

3. Declaratory Judgment that LoanDepot shall retain its Security Instrument on the Property in the amount of $112,504.57, which is the amount it disbursed to Quicken at Defendants' request, until such time that LoanDepot receives the $112,504.57;

4. Declaratory Judgment that upon LoanDepot's receipt of the $112,504.57 it previously paid in satisfaction of the Quicken Loan, the Release of Lien (contemporaneously herewith being filed by LoanDepot into the Registry of the Court) shall be entered into the property records of Guadalupe County, Texas, thereby releasing any and all security interest associated with the LoanDepot Loan;

5. Alternatively, should the request for declaratory judgment be denied, that Plaintiff's Release of Lien be filed and that Plaintiff be concurrently granted an equitable lien in the amount of $112,504.57 on the Property;

6. Actual damages; nominal damages; and exemplary damages;

7. Attorneys' fees and costs of suit; *and*

8.      For such other and further relief, specific or general, legal or equitable, to which
        Plaintiff may show itself justly entitled to receive.


Dated: October 18, 2019                    Respectfully submitted,

                                           **By:**  */s/ Frank J. Catalano*
                                                **R. DWAYNE DANNER**
                                                State Bar No. 00792443
                                                **FRANK J. CATALANO**
                                                State Bar No. 24052991
                                                **MURAD SALIM**
                                                State Bar No. 24104642
                                                **MCGLINCHEY STAFFORD, PLLC**
                                                6688 North Central Expressway, Suite 400
                                                Dallas, Texas 75206
                                                Phone: 214-445-2445
                                                Facsimile: 214-445-2450
                                                ddanner@mcglinchey.com
                                                fcatalano@mcglinchey.com
                                                msalim@mcglinchey.com

                                           ***ATTORNEYS FOR PLAINTIFF***